*NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                            :
FARIELLO BUS SERVICE, LLC D/B/A             :
GREENWOOD BUS SERVICE,                      :
                                            :   Civil Action No. 09-4200 (FLW)
            Plaintiffs,                     :
                                            :
        vs.                                 :
                                            :
                                            :   **OPINION**
OLD BRIDGE BOARD OF EDUCATION;              :
DENISE CAPASSO; CARRIE SHREDER;             :
PHILIP E. STERN; and ADAMS, STERN,          :
GUTIERREZ & LATTIBOUDERE, LLC;              :
                                            :
            Defendants.                     :
_____ :

**WOLFSON, United States District Judge:**

    This case arises out of the rejection of Plaintiff Fariello Bus Service's ("Plaintiff") bid for a public contract involving transportation for students in the Township of Old Bridge. The Amended Complaint alleges that Defendant violated the provisions of the New Jersey Public School Contract Law (the "PSCL"), N.J.S.A. 18A:18A-1, et. seq., and that Defendant violated Plaintiff's right to procedural due process guaranteed under the Fourteenth Amendment of the United States Constitution. In the instant motion, Defendant Old Bridge Board of Education ("Defendant" or the "Board") moves for summary judgment to dismiss the Amended Complaint. For the reasons that follow, the Court grants Defendant's motion.

**I.     Background**

    The following relevant facts are undisputed unless otherwise noted. On or about July 5, 2008, Defendant publically advertised for bids for student transportation services during the 2008-

1

2009 school year ("Contract").  See Adams Cert., Exhibit A.  Specifications of the Contract were provided to all bidders.  Id.  Specifically, the specifications required all bidders to submit copies of valid and existing registrations for all vehicles to be used to fulfill the Contract; if this information was not provided, a bidder would be deemed unresponsive and the bid would be rejected.  Id.  Plaintiff was a bidder on the Contract.

As part of its bid, Plaintiff submitted current registrations of vehicles owned by Wolfington Body Company, a purchase agreement between Plaintiff and Wolfington to purchase these vehicles, and a deposit check for the purchase.  Plaintiff's Statement of Material Facts, ¶ 12-13.  On August 5, 2008, all bids were opened, and there is no dispute on this motion that Plaintiff was the lowest bidder.  Nevertheless, sometime after the bid opening, Defendant informed Plaintiff that its bid had been disqualified because the bid did not conform to specifications, as Plaintiff did not own the vehicles it intended to use to fulfill the Contract.  See Adams Cert., Exhibit C, p. 28.  As a result, Plaintiff requested a hearing on the matter, but Defendant refused to grant a hearing.[1]  Plaintiff's Statement of Material Fact, ¶ 8.

Thereafter, Plaintiff filed suit against Defendant in the New Jersey Superior Court, claiming that Defendant violated the provisions of the PSCL.  Plaintiff moved for equitable relief to reinstate its bid and to award the Contract to Plaintiff; however, the state court denied the request.  See Defendant's Statement of Material Facts, ¶ 14-16.  Plaintiff then amended the Complaint to add defendants Denise Capasso, Director of Transportation for Defendant; Carrie Shreder, purchasing

---

[1] Defendant argues that the bid was not disqualified, but rather, Plaintiff's lack of ownership of the vehicles made Plaintiff "unresponsive" therefore a hearing was not required by law. Defendant further argues that Plaintiff knew of the exact reason why the bid was rejected, hence no hearing was necessary.

agent for Defendant; Philip E. Stern, attorney of record representing Defendant; and Adams, Stern, Gutierrez & Lattiboudere, LLC, the law firm representing Defendant. Id., ¶ 17. Plaintiff also asserted three additional causes of action, which allege that 1) defendants collectively violated Plaintiff's procedural due process rights guaranteed by the Fourteenth Amendment (Count II); 2) defendants Denise Capasso and Carrie Shreder defamed Plaintiff (Count III); and 3) defendants Philip Stern and his firm breached their duty to inform Defendant of all applicable law (Count IV). On August 14, 2009, defendants removed the matter to the District Court before the Honorable Mary L. Cooper, U.S.D.J., asserting federal question jurisdiction. All defendants then moved to dismiss Plaintiff's claims; Judge Cooper dismissed all claims against all defendants, except for Counts I and II against the Board. This matter was then transferred to this Court. Now, the Board moves for summary judgment on the remaining counts of the Amended Complaint.

## II.     Motion for Summary Judgment

"Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law." Pearson v. Component Tech. Corp., 247 F.3d 471, 482 n. 1 (3d Cir. 2001) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)); accord Fed. R. Civ. P. 56(c). For an issue to be genuine, there must be "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, the court must view the facts and all reasonable inferences drawn from those facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Curley v. Klem, 298 F.3d 271, 276-77 (3d Cir. 2002). For a fact

3

to be material, it must have the ability to "affect the outcome of the suit under governing law." Kaucher, 455 F.3d at 423.  Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact.  Celotex Corp., 477 U.S. at 323.  Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial.  Id.; Monroe v. Beard, 536 F.3d 198, 206-07 (3d Cir. 2008).  Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party.  Anderson, 477 U.S. at 256-57.  The nonmoving party "must do more than simply show that there is some metaphysical doubt as to material facts."  Id. at 206 (quoting Matsushita, 475 U.S. at 586).  Moreover, the non-moving party must present "more than a scintilla of evidence showing that there is a genuine issue for trial."  Woloszyn v. County of Lawrence, 396 F.3d 314, 319 (3d Cir. 2005).  Indeed, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  Celotex Corp., 477 U.S. at 322.

Moreover, in deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial.  Anderson, 477 U.S. at 249.  Nonmoving party cannot defeat summary judgment simply by asserting that certain evidence submitted by the moving party is not credible. S.E.C. v. Antar, 44 Fed. Appx. 548, 554 (3d Cir. 2002).

4

**III.     Discussion**

   **A.  Procedural Due Process**

In Count II of the Complaint, Plaintiff alleges that agents and employees of Defendant violated Plaintiff's constitutional rights by refusing to grant Plaintiff a due process hearing after improperly awarding a contract to a bidder other than Plaintiff, the lowest responsible bidder. Although Plaintiff recognizes that municipalities cannot be held vicariously liable for their employees' actions, Plaintiff nevertheless argues that Defendant made a policy decision that deprived Plaintiff of its due process rights. Defendant counters that Plaintiff was neither entitled to the Contract nor the hearing, therefore no procedural due process violation had occurred.[2]

"When a suit against a municipality is based on § 1983, the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation, or decision officially adopted by the governing body or informally adopted by custom." McTernan v. City of York, PA, 564 F.3d 636, 657 (3d Cir. 2009); See Monell, 436 U.S. at 691. Policy is implemented when a "decision maker possessing final authority to establish a municipal policy with respect to the action issues an official proclamation, policy, or edict." Id. at 658. Custom, on the other hand, is

---

   [2]     The Board also argues that it is not considered a "person" under § 1983. However, it is well-settled law that unless a local government entity is considered "an alter ego of a state for Eleventh Amendment purposes," that entity is considered a "person" for § 1983 purposes and can be sued directly for constitutional violations. Peters v. Del. River Port Auth. of Pa. and N. J., 16 F.3d 1346, 1350 (3d Cir. 1994); Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 690 (1978) ("Our analysis of the legislative history of the Civil Rights Act of 1871 compels the conclusion that Congress did intend municipalities and other local government units to be included among those persons to whom § 1983 applies."). Furthermore, courts, including this Court, have found that New Jersey local boards of education are considered local government entities for the purposes of § 1983 claims. C.N. v. Ridgewood Bd. of Educ., 430 F.3d 159, 175 (3d Cir. 2005); L.S. v. Mount Olive Bd. of Educ., No. 09-3052, 2011 WL 677490, at *8 (D.N.J. Feb. 25, 2011); Jones v. Ewing Tp. Bd. of Educ., No. 09-3536, 2010 WL 4669875, at *8-9 (D.N.J. Nov. 9, 2010)

adopted when, though not authorized by law, "such practices . . . are so permanent and well-settled as to virtually constitute law."  Id.

However, a plaintiff need not show a pattern of behavior or a well-settled custom to establish liability.

> [I]t is plain that municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances.  No one has ever doubted, for instance, that a municipality may be liable under § 1983 for a single decision by its properly constituted legislative body - whether or not that body had taken similar action in the past or intended to do so in the future - because even a single decision by such a body unquestionably constitutes an act of official government policy.

Pembaur v. City of Cincinnati, 475 U.S. 469, 480 (1986).  "If the decision to adopt that particular course of action is properly made by that government's authorized decisionmakers, it surely represents an act of official government 'policy' as that term is commonly understood." Id. at 481. Here, relying on such reasoning, Plaintiff argues that Defendant's decisionmakers made an official policy decision when they denied Plaintiff a hearing. However, the Court need not address this issue, because even if Plaintiff can establish that a policy decision has been made, Defendant's decision did not violate Plaintiff's constitutional rights. Startzell v. City of Philadelphia, 533 F.3d 183, 204 (3d Cir. 2008) ("For § 1983 liability to attach, Appellants must show that the City was responsible for any constitutional violations.  Accordingly, for there to be municipal liability, there . . . must be a violation of the [Appellants'] constitutional rights") (citations and quotations omitted).

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law."  The Clause has both a procedural and substantive component; it governs the procedures by which a State may deprive persons of liberty and property and bars "certain government actions regardless of the fairness of the

6

procedures used to implement them." Planned Parenthood v. Casey, 505 U.S. 833, 846 (1992); Daniels v. Williams, 474 U.S. 327, 331 (1986); Nicholas v. Pa. State Univ., 227 F.3d 133, 138-139 (3d. Cir. 2000).

In order to state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that "(1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law'." Hill v. Borough of Kutztown, 455 F.3d 225, 233-34 (3d Cir. 2006). Property interests are not created by the Constitution, but are created and defined by "existing rules or understandings that stem from an independent source such as state law." Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it . . . He must, instead, have a legitimate claim of entitlement to it." Id. State created property interests implicate the protection of the procedural aspect of the due process clause. Reich v. Beharry, 883 F.2d 239, 243 (3d Cir. 1989); Nicholas, 227 F.3d at 140. However, federal constitutional law, and not state law, determines whether those interests rise to the level of a "legitimate claim of entitlement" protected by the Fourteenth Amendment. Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 9 (1978) (citations omitted).

In New Jersey, the expenditure of public funds by boards of education are governed by the PSCL. N.J.S.A. 18A:18A-1; Oceanside Charter School v. N.J. State Dep't of Educ. Office of Compliance Investigation, 418 N.J. Super. 1, 10-11 (App. Div. 2011). The PSCL requires that a public school contract "for the provision or performance of any goods or services, the cost of which in the aggregate exceeds the bid threshold, shall be awarded only by resolution of the board of

education to the lowest responsible bidder after public advertising for bids and bidding therefor." N.J.S.A. 18A:18A-4. "Bidding statutes are for the benefit of the taxpayers and are construed as nearly as possible with sole reference to the public good." Oceanside, 418 N.J. Super. at 11 (quoting George Harms Constr. Co. v. N.J. Tpk. Auth., 137 N.J. 8, 36 (1994)). The purpose of bidding statutes is to "guard against favoritism, improvidence, extravagance and corruption." Id. (quoting M.J. Paquet v. N.J. Dep't of Transp., 171 N.J. 378, 386 (2002)). As such, adherence to the bidding laws is paramount, and the statutes require rigid adherence by the courts in interpreting its terms. Id. The PSCL provides for a fairly rigid procedure to which boards of education must adhere in the solicitation of public contracts. See N.J.S.A. 18A:18A-4, 18A:18A-4.4, 18A:18A-4.5.

Because bidding laws exist for the benefit of the public, New Jersey courts have consistently held that unsuccessful bidders of a public contract may attack the award of a contract, but may not recover damages even if the challenge succeeds. Feriozzi Co., Inc. v. City of Atlantic City, 268 N.J. Super. 310, 315 (Law Div. 1993); Delta Chem. Corp. v. Ocean County Utils. Auth., 250 N.J. Super. 395, 400 (App. Div. 1991); Commercial Cleaning Corp. v. Sullivan, 47 N.J. 539, 546 (1966) ("Submission of the lowest bid in answer to an advertisement for bids by the State for public work cannot be the basis of a claim for damages based upon the failure or refusal to accept such bid"). "To permit the low bidder to recover damages would simply twice penalize the public." Delta Chem., 250 N.J. Super. at 400.

Plaintiff cites no case law with respect to whether public bidding laws, in New Jersey or otherwise, could create a property interest in unsuccessful bidders under the Due Process Clause. Instead, Plaintiff relies solely on general procedural due process principles to support its argument. Likewise, Defendant cites no case law on this legal question, but relies on the line of New Jersey

state court decisions that New Jersey bidding laws are for the benefit of the public, and an unsuccessful bidder cannot bring damage claims pursuant to the PSCL. Defendant argues that these cases demonstrate that New Jersey bidding laws should not be interpreted to create a property interest. While the Court's research did not reveal any state or federal cases interpreting the PSCL in the context of procedural due process, the Third Circuit has discussed whether Pennsylvania public bidding laws create a property interest protected by the Due Process Clause.

In Indep. Enters. Inc. v. Pittsburgh Water and Sewer Auth., 103 F.3d 1165 (3d Cir. 1997), the Third Circuit held that Pennsylvania bidding laws do not create a property interest that would trigger the protection of the Due Process Clause. In that case, plaintiff brought an action against the municipal defendant after the municipality disqualified plaintiff and rejected its bid on a public contract. Alleging that this violated Pennsylvania bidding laws, plaintiff there argued that state law required the municipality to award the contract to the lowest responsible bidder. Id. at 1177. The plaintiff asserted that because Pennsylvania's bidding laws provided limited discretion to public entities in the bidding process, once a lowest responsible bidder had been identified, the law created a property interest protected by the Due Process Clause. Id. Even assuming that plaintiff had established a bonafide violation of the bidding laws, the court, relying on the Supreme Court's requirement of a "legitimate claim of entitlement," explained:

> Although Pennsylvania's competitive bidding statutes require that public contracts be awarded to the lowest responsible bidder . . . Pennsylvania courts have long held that such laws are for the benefit of the public only and do not give a low bidder standing to challenge a municipality's failure to award a contract in accordance with the statute. . . . [F]or example, the Pennsylvania Supreme Court held that "a disappointed bidder . . . sustain[s] no personal injury which entitles him to redress in court." Statutes requiring the award of public contracts to the lowest bidder exist solely for the benefit of taxpayers, and only taxpayers suffer a legally cognizable injury from a violation of the statute that entitles them to bring suit. Thus, the statute

bestows no legally enforceable right on a bidder prior to the acceptance of its bid. Id. at 1178 (citations omitted).  In reaching its decision, the circuit court acknowledged that there appeared to be a split in the Pennsylvania district courts on this particular issue, and the court expressly rejected the line of cases that ruled a property interest can be created by the Pennsylvania bidding laws.[3]  Id. at 1178 n. 11.

Turning to the instant matter, the Court finds the reasoning of Indep. Enters. not only persuasive, but equally applicable here.  Similar to Pennsylvania law, New Jersey law requires public contracts to be awarded to the lowest responsible bidder.  Likewise, New Jersey bidding statutes are for the sole benefit of the public, and therefore, unsuccessful bidders cannot sue for damages arising from the rejection of their bids.  See, e.g., Delta Chem., 250 N.J. Super. at 400.  Due to the substantial similarities between the statutory scheme and purpose of both Pennsylvania and New Jersey public bidding laws, pursuant to Indep. Enters., the Court holds that New Jersey law does not create a property interest under the Due Process Clause for the lowest responsible bidder prior to the acceptance of its bid.[4]  See also, Feriozzi, 268 N.J. Super. at 316-17 (holding that unsuccessful

---

[3] The Third Circuit cited to the following cases which it found unpersuasive: Teleprompter of Erie, Inc. v. City of Erie, 537 F.Supp. 6, 10 (W.D. Pa. 1981); Teleprompter of Erie, Inc. v. City of Erie, 567 F.Supp. 1277, 1289 (W.D. Pa. 1983); Three Rivers Cablevision, Inc. v. City of Pittsburg, 502 F.Supp. 1118, 1131 (W.D. Pa. 1980).

[4] Plaintiff also argues that Defendant's refusal to grant Plaintiff a hearing can itself be a due process violation.  However, it is well-settled law that a state procedural requirement cannot itself create a protected interest under the Due Process.  Indep. Enters., 103 F.3d at 1178 n. 10 ("The right to a particular process does not alone create a property interest"); Olim v. Wakinekona, 461 U.S. 238, 250 (1983) ("Process is not an end in itself.  Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement. . . . The State may choose to require procedures for reasons other than protection against deprivation of substantive rights, of course, but in making that choice the State does not create an independent substantive right").  Here, since the Court finds no property interest encompassed by the Fourteenth Amendment, the procedural due process analysis fails on the first

bidder was not entitled to compensatory damages in a § 1983 action). Here, Plaintiff's bid was never accepted, and as such, Plaintiff fails to establish a cognizable § 1983 claim and Count II of the Complaint is dismissed.

### B. The PSCL

Plaintiff alleges in Count I that Defendant violated provisions of the PSCL when it failed to award the Contract to Plaintiff. However, even assuming that Plaintiff has sufficiently established a PSCL violation by Defendant, the Court cannot grant relief. First, as the Court previously discussed, New Jersey law prohibits the recovery of monetary damages by unsuccessful bidders, so Plaintiff is barred from monetary relief. Furthermore, Defendant asserts, and Plaintiff does not contest, that all equitable remedies with regard to the Contract has been exhausted and denied in state court. Even if some equitable relief with regard to the Contract is not barred by res judicata, it is no longer viable as the performance period for the Contract was for the 2008-2009 year. Lastly, while Plaintiff does not expressly request it, to the extent that Count I can be construed as seeking injunctive relief to prevent Defendant from taking any future similar actions which would violate the PSCL, such relief is inappropriate because Plaintiff has not presented any evidence that any future violation is likely to occur. City of L.A. v. Lyons, 461 U.S. 95, 111 (1983) ("The equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again"); Anderson v. Davila, 125 F.3d 148, 164 (3d Cir. 1997) ("An injunction is appropriate only where

---

prong. See Hill, 455 F.3d at 233-34 (plaintiff must allege that "(1) [it] was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to [it] did not provide 'due process of law'."). Without a constitutionally protected interest, Plaintiff cannot satisfy a procedural due process claim merely by asserting a procedural violation alone.

there exists a threat of irreparable harm such that legal remedies are rendered inadequate"). In that regard, Plaintiff alleges no similar pattern of behavior in the past, offers no evidence that the alleged action is a customary practice by Defendant, and does not point to any ordinance or regulation that would cause similar violations to occur in the future. Hence, there is no basis for the Court to grant prospective injunctive relief. As such, Plaintiff cannot pursue its claim against Defendant. Accordingly, Count I of the Complaint is dismissed.

### IV. Conclusion

For the foregoing reasons, Defendant's motion for summary judgment is **GRANTED**, and the Complaint is **DISMISSED**. An appropriate Order shall follow.

        /s/ Freda L. Wolfson
The Honorable Freda L. Wolfson
United States District Judge

Date: June 17, 2011